Tory M. Pankopf (SBN 7477)
**LAW OFFICES OF TORY M. PANKOPF**
**TORY M. PANKOPF, LTD.**
10425 Double R Boulevard
Reno, Nevada  89521
Telephone: (775) 384-6956

Attorney for Defendants,
Tory M. Pankopf Ltd. and
Tory M. Pankopf

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WESLIE W. JOHNSON, | CASE NO. 13−cv−00666−JCM−CWH |
| Plaintiff, | |
| v. | |
| TORY M. PANKOPF, TORY M. PANKOPF, LTD., a professional corporation: BRYANT K. CALLOWAY, and DOES 1 through 10, inclusive, | **ANSWER OF TORY M. PANKOPF, LIMITED AND TORY M PANKOPF** |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Defendants TORY M. PANKOPF, LTD. (the "Firm"), a Nevada Professional Corporation, and TORY M. PANKOPF ("Pankopf"), individually, (collectively "Defendants"), a Nevada Professional Corporation, by and through their undersigned counsels of record, Tory M. Pankopf for the Firm and the Firm for Pankopf, for their Answer to the Complaint dated January 7, 2013 ("Complaint") and filed by plaintiff WESLIE W. JOHNSON ("Plaintiff" or "Johnson") makes this demand for a jury trial and hereby responds as follows:

**Tory M. Pankopf**
**Attorney at Law**
10425 Double R Boulevard
Reno, NV  89521
(775) 384-6956

- 1 -

Answer of Tory M. Pankopf Ltd and Tory M. Pankopf

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

1.   Defendants admit Pankopf is a member of the State Bar of California.  Pankopf's California Bar License Number is 202581.  Pankopf is also a member of the Nevada State Bar and his Nevada State Bar License Number is 7477.  Pankopf represented Johnson in:

a) an action filed on June 10, 2009, in the United States District Court, Southern District of California, Case Number 09-CV-01262, <u>Wes W. Johnson v. HOMECOMINGS FINANCIAL, a   Delaware Limited Liability Company, GMAC MORTGAGE, a Delaware Limited Liability Company, DEUTSCHE BANK NATIONAL TRUST COMPANY, a Nevada Corporation, DEUTSCHE BANK TRUST COMPANY AMERICAS as Trustee for RALI 2007QA1, a State of New York Chartered Bank, EXECUTIVE TRUSTEE SERVICES, a Delaware Limited Liability Company, PITE DUNCAN, a California Limited Liability Partnership,</u> regarding multiple causes of action pertaining to the November 19, 2008, foreclosure sale of the that certain real property commonly known as 737 James Lane, located in Incline Village, Nevada, 89453 (hereinafter "James Ln"), and owned by Tahoe-Reno Development, a Nevada Limited Liability Company;

1)  On or about November 28, 2006, Johnson had borrowed $1,323,000.00 from Homecomings Financial, LLC, which was secured by a first deed of trust on James Ln and an additional $300,000.00 from Homecomings which was secured by a second deed of trust on James Ln.  On November 1, 2007, Johnson defaulted on his note secured by the first deed of trust and the lender foreclosed;

2) On December 3, 2008, the Firm was retained by Johnson to represent him regarding the foreclosure of James Ln.  In particular, for the purpose of defending the unlawful detainer action initiated in the Incline Village Justice Court.  Upon obtaining a stay of the unlawful detainer action, Johnson directed the Firm to have Pankopf file an action in the Southern District of California where one of the defendants was domiciled;

3)  Pursuant to the James Ln retainer agreement, Johnson was required to deliver the certificate of ownership to his Harley Davidson motorcycle which he did do.  The Firm was

Answer of Tory M. Pankopf Ltd and Tory M. Pankopf

1  to hold it until after the binding arbitration decision the matter pending before the United States

2  District Court, District of Nevada, Case Number 05-CV-00321-RAM, <u>Wes Johnson v Wells</u>

3  <u>Fargo Bank, N.A.</u> (hereinafter, the "Wells Fargo Matter").   At which time the Firm had the

4  option to sell the Harley to pay all outstanding legal fees and costs, and/or withdraw funds from

5  his attorney/client trust account to pay Johnson's outstanding legal fees.   At no time during the

6  Firm's representation of Johnson in the James Ln matter, did Johnson pay any outstanding legal

7  fees or costs;

8       4) The Firm represented Johnson in the federal action until Pankopf was

9  substituted out on October 11, 2011;

10      b)  Defense of an unlawful detainer action filed on March 19, 2009, in the Superior

11  Court of California, County of San Luis Obispo, Case Number LC 096204, <u>JP Morgan Chase,</u>

12  <u>N.A. v Wes Johnson</u>, pertaining to the foreclosure sale of his residence located at 109 Erna

13  Way, Grover Beach, California, 93449 (the "Erna Way matter" or "Erna Way");

14      1)  The unlawful detainer action was removed to the United States District Court,

15  Central District of California and subsequently remanded to state court;

16      2)  Pankopf successfully defended the unlawful detainer action and obtained a

17  dismissal with prejudice;

18      3) Johnson never paid his legal fees during the litigation;

19      c)  During the pendency of the unlawful detainer action, on June 5, 2009, Johnson

20  directed Pankopf to initiate an action in the United States District Court, Central District of

21  California, Case Number CV09-04048, <u>Wes Johnson v JP Morgan Chase Bank, N.A.</u>, et. al.,

22  pertaining to causes of action in defense of the foreclosure sale regarding the note secured by

23  the deed of trust on Erna Way;

24      1)  On June 3, 2010, Johnson voluntarily dismissed the federal action without

25  prejudice;

26      2) Johnson never paid his legal fees during the litigation;

27      d)  On June 3, 2010, Johnson directed Pankopf to re-file the complaint against JP

28  Morgan Chase in the Superior Court of California, County of San Luis Obispo, Case Number

Answer of Tory M. Pankopf Ltd and Tory M. Pankopf

1  CV 100342, <u>Wes Johnson  et. al. v JP Morgan Chase, N.A.</u>, pertaining to the foreclosure sale

2  regarding the note secured by the deed of trust on Erna Way;

3       1)  The Firm represented Johnson in the action until Pankopf was substituted out

4  on or about September 2011;

5       2)  Johnson never paid his legal fees during the litigation.

6       Defendants deny Johnson's allegation that the claims alleged in this action arise from

7  the actions and omissions of Pankopf in the above described actions.  Defendants admit they are

8  domiciled in Nevada and have been absent from California for more than a year.

9       2.  Defendants admit that the Firm is a Nevada professional corporation and the Firm's

10  shares are solely owned by Pankopf.  Defendants deny the allegation that Pankopf utilizes the

11  Firm to conduct his practice of law.

12       3.   Paragraph 3 consists of legal assertions as to which no response is required. To the

13  extent a response is required, upon information and belief, Defendants admit the allegations of

14  Paragraph 3 in that defendant, BRYANT K. CALLOWAY ("Calloway") had been disbarred by

15  the State Bar of California and never notified Plaintiff of his disbarment.

16       4.  Defendants deny the allegations of paragraphs 4-5.

17       5.  Paragraph 6 consists of legal assertions as to which no response is required. To the

18  extent a response is required, upon information and belief, Defendants admit Johnson retained

19  the Firm to represent him in the Wells Fargo matter and multiple other legal matters, and an

20  attorney/client relationship between Defendants and Johnson.  Defendants deny Calloway was

21  their agent.  Defendants deny Calloway was associated in by them.  Defendants admit that

22  Johnson authorized and directed them to retain Calloway to represent Johnson for the sole

23  purpose of preparing for and assisting with the binding arbitration trial pertaining to the Wells

24  Fargo matter.  Defendants admit that fee agreement specified that the Firm would receive a

25  contingency fee of 35 % of any settlement or judgment recovered in the Wells Fargo matter that

26  was less than or equal to $500,000.00 or 37.5% of any settlement or judgment less than or equal

27  to $1,000,000.00.  Regardless, the fee agreement speaks for itself.

28       6.       Defendants deny the allegations of paragraphs 7, 8, and 9.

**Tory M. Pankopf**
**Attorney at Law**
10425 Double R Boulevard
Reno, NV  89521
(775) 384-6956

- 4 -

Answer of Tory M. Pankopf Ltd and Tory M. Pankopf

7.  Pursuant to Johnson's fee agreement with Calloway, Defendants admit the allegation of paragraph 10 in part in that Calloway was paid his entire legal fee of $73,045.25 earned for his assistance with the preparation for and binding arbitration trial regarding the Wells Fargo matter.  Defendants deny the general allegations regarding their alleged actions and omissions in the complaint, and, based thereon, deny Calloway was aware.

8.  Paragraph 11 consists of an allegation that is vague, ambiguous, and unintelligible as drafted, based thereon, Defendants deny it.

9.  Paragraphs 12, 13, and 14 consist of legal assertions as to which no response is required.  To the extent a response is required, upon information and belief, Defendants deny the allegations of Paragraphs 12, 13, and 14.

10.  Defendants deny the allegations of paragraphs 15, 16, 17, and 18.

11.  Paragraphs 19, 20, and 21 consist of legal assertions as to which no response is required.  To the extent a response is required, upon information and belief, Defendants deny the allegations of Paragraphs 19, 20, and 21.

## SECOND CAUSE OF ACTION

### (Breach of Fiduciary Duty – Constructive Trust Fraud and Fraud)

12.  As to paragraph 22, Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 – 21 as if set forth here in full.

13.  Paragraphs 23, 24, 25, 26, 27, and 28 consist of legal assertions as to which no response is required.  To the extent a response is required, upon information and belief, Defendants deny the allegations of Paragraphs 23, 24, 25, 26, 27, and 28.

## THIRD CAUSE OF ACTION

### (Conversion)

14.  As to paragraph 29, Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 – 21 as if set forth here in full.

15.  Paragraphs 30, 31, and 32 consist of legal assertions as to which no response is required.  To the extent a response is required, upon information and belief, Defendants deny the allegations of Paragraphs 30, 31, and 32.

Tory M. Pankopf
Attorney at Law
10425 Double R Boulevard
Reno, NV  89521
(775) 384-6956

- 5 -

Answer of Tory M. Pankopf Ltd and Tory M. Pankopf

1

**FOURTH CAUSE OF ACTION**

2

**(Legal Malpractice)**

3      16.   As to paragraph 33, Defendants incorporate by reference their responses to the

4  allegations contained in paragraphs 1 – 21, 23, 25, and 26 as if set forth here in full.

5      17.   Paragraphs 34, 35, 36, 37, and 38 consist of legal assertions as to which no response

6  is required.   To the extent a response is required, upon information and belief, Defendants deny

7  the allegations of Paragraphs 34, 35, 36, 37, and 38.

8

**FIFTH CAUSE OF ACTION**

9

**(Accounting)**

10     18.   As to paragraph 39, Defendants incorporate by reference their responses to the

11  allegations contained in paragraphs 1 – 21, 23 - 28, 30 - 32, and 34 - 38 as if set forth here in

12  full.

13     19.  Defendants deny the allegations contained in paragraphs 40 and 41.

14

15

**AFFIRMATIVE DEFENSES**

16     Defendant(s) hereby allege(s) the following affirmative defenses.  All possible

17  affirmative Defenses may or may not have been asserted herein insofar as sufficient facts were

18  not available to the Defendant after reasonable inquiry upon the filing of this pleading and

19  therefore, the Defendant asserts the following defenses based in fact or upon reasonable belief

20  and hereby reserve the right to amend this Answer to allege appropriate or additional defenses,

21  if subsequent investigation or discovery so warrants.

22

**SECOND DEFENSE**

23     The Complaint fails to state a claim against Defendant upon which relief can be granted.

24

**THIRD DEFENSE**

25     The claims asserted against Defendant are barred in whole or in part to the extent that

26  any damage or injury sustained or suffered by the Plaintiff in this action was caused in whole

27  or in part or was contributed to by the acts or omissions of third persons or parties other than

28  Defendant over whom Defendant had no control.

**Tory M. Pankopf**
**Attorney at Law**
10425 Double R Boulevard
Reno, NV  89521
(775) 384-6956

- 6 -

Answer of Tory M. Pankopf Ltd and Tory M. Pankopf

**FOURTH DEFENSE**

The damages complained of in Plaintiff's Complaint were not factually and/or legally caused by Defendant's activities.

**FIFTH DEFENSE**

The claims of the Plaintiff are barred in whole or in part to the extent that the conduct, action or inaction of the Plaintiff constitutes an estoppel, laches, consent or waiver.

**SIXTH DEFENSE**

The claims of Plaintiff are barred in whole or in part to the extent the conduct of defendant under the circumstances in this matter were reasonable, in good faith, and without malice.

**SEVENTH DEFENSE**

The claims of Plaintiff are barred in whole or in part to the extent the conduct of defendant at the time and place and on the occasions mentioned in the complaint were justified, lawful, and in good faith.

**EIGHTH DEFENSE**

Some or all of Plaintiffs claims are barred by the applicable statute of limitations.

**NINTH DEFENSE**

Any claim or cause of action that Plaintiff may have had, in whole or in part, is barred because Plaintiff has failed to join all necessary and/or indispensable parties to this action.

**TENTH DEFENSE**

If Plaintiff was injured or damaged, which injury or damage is denied, the injury and damage was caused solely by the acts, wrongs, or omissions of Plaintiff himself or by intervening causes or by other persons, entities, forces, and/or things over which Defendant had no control and for which Defendant is not responsible.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

Tory M. Pankopf
Attorney at Law
10425 Double R Boulevard
Reno, NV 89521
(775) 384-6956

- 7 -

Answer of Tory M. Pankopf Ltd and Tory M. Pankopf

**TWELFTH DEFENSE**

Plaintiff is primarily responsible for any damages sustained, which damages are denied.

**THIRTEENTH DEFENSE**

The claims asserted against Defendant are barred to the extent that the claims asserted, including any claimed damages, are a result of Plaintiffs failure to comply with applicable laws, regulations, rules and/or terms of the agreement.

**FOURTEENTH DEFENSE**

The Complaint fails to allege facts or a cause of action sufficient to support a claim for costs of suit and expenses.

**FIFTEENTH DEFENSE**

Plaintiff may not recover on the claims pled in the Complaint because the damages sought are too speculative and remote.

**SIXTEENTH DEFENSE**

Plaintiff may not recover on the claims pled in the Complaint because the Plaintiff's actions with respect to the Defendant is and continue to be arbitrary and capricious and are violative of the U.S. and Nevada Constitution.

**SEVENTEENTH DEFENSE**

Plaintiff has failed to mitigate its damages.

**EIGHTEENTH DEFENSE**

It has been necessary for the Defendant to employ the services of an attorney to defend this action and a reasonable sum should be allowed Defendant as and for attorney's fees, together with their costs expended in this action.

**NINETEENTH DEFENSE**

Defendant hereby incorporates by reference those affirmative defenses enumerated in FRCP 8 as if full set forth herein. Defendant reserve the right to assert other different and related defenses as may become available or appear during the discovery proceedings in this case and hereby reserve the right to amend this Answer to assert any such defense.

**Tory M. Pankopf**
**Attorney at Law**
10425 Double R Boulevard
Reno, NV 89521
(775) 384-6956

- 8 -

Answer of Tory M. Pankopf Ltd and Tory M. Pankopf

**TWENTIETH DEFENSE**

Defendant deny each and every allegation of the Complaint not specifically admitted or otherwise pled to herein and Defendant objects to all the California statute based claims on the grounds that California law is not applicable.

**TWENTY-FIRST DEFENSE**

At all times herein mentioned, Plaintiff had authorized Defendants to maintain a lien in all settlements, judgments, or awards received in each and every legal matter Plaintiff was involved in and, further, authorized Defendants to pay Plaintiff's outstanding legal bills from any recovery obtained in the Wells Fargo matter.

Defendants respectfully requests that:

A. Plaintiff takes nothing by its complaint;

B. The Court enter judgment in favor of Defendants;

C. The Court award Defendants their attorney's fees and costs; and

D. Any other relief the Court deems appropriate.

Dated this 14th day of June, 2013.

By:   /S/ TORY M. PANKOPF
      TORY M. PANKOPF, ESQ.
      Attorney for Defendant,
      Tory M. Pankopf, Ltd.

**Tory M. Pankopf**
**Attorney at Law**
10425 Double R Boulevard
Reno, NV  89521
(775) 384-6956

Answer of Tory M. Pankopf Ltd and Tory M. Pankopf

1

## <u>CERTIFICATE OF SERVICE</u>

2     I certify that I am an employee of TORY M. PANKOPF, and that on this day, I

3   deposited for mailing at Reno, Nevada, a true and correct copy of:

4

5     **ANSWER OF TORY M. PANKOPF, LIMITED AND TORY M PANKOPF**

6   **UPON:**

7
      Bryant K. Calloway.                          **Weslie W. Johnson**
8     26741 Portola parkway, Suite 1E #620          POB 7499
      Foothill Ranch, California 92610              Incline Village, NV 89450
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Tory M. Pankopf**
**Attorney at Law**
**10425 Double R Boulevard**
**Reno, NV  89521**
**(775) 384-6956**

- 10 -

Answer of Tory M. Pankopf Ltd and Tory M. Pankopf