# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

WESLIE W. JOHNSON,

        Plaintiff(s),

v.

TORY M. PANKOPF, et al.,

        Defendant(s).

2:13-CV-666 JCM (CWH)

**ORDER**

Presently before the court is pro se plaintiff Weslie W. Johnson's motion to remand to state court. (Doc. # 7). Defendant Tory M. Pankopf Ltd. filed a response. (Doc. # 13).[1] Plaintiff replied. (Doc. # 20).

This case concerns a contract dispute arising over legal services provided to plaintiff Weslie W. Johnson by defendant Tory M. Pankopf. Johnson filed this action in California state court on January 7, 2013, asserting state law claims against Pankopf, his law firm, and an associate of Pankopf–Bryant K. Calloway.

Defendant Pankopf removed this action to this court and plaintiff seeks an order remanding this action to California state court. Plaintiff's motion to remand was made within 30 days after the filing of the notice of removal challenging both removal procedure and this court's subject matter jurisdiction. *See* 28 U.S.C. § 1447©.

---

[1] Defendant Bryant K. Calloway has not responded.

**James C. Mahan**
**U.S. District Judge**

As an initial matter, generally the court would not consider documents filed directly by a party who is represented by counsel. *See Rosenblum v. Campbell*, 370 F. App'x 782, 783 (9th Cir. 2010) (unpublished) cert. denied, 131 S. Ct. 465, 178 L. Ed. 2d 296 (U.S. 2010). However, under the present circumstances, the court finds it appropriate to consider the instant motion. (*See* doc. # 7-1).[2]

There is a strong presumption against diversity jurisdiction, especially in removal cases, and federal jurisdiction "must be rejected if there is any doubt as the to the right of removal . . . ." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The burden of proof for removal is on the defendant. *See Gaus,* 980 F.2d at 566 (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990)).

Title 28 U.S.C. § 1441 states that an action "may be removed by the defendant or the defendants, *to the district court of the United States for the district and division embracing the place where such action is pending*." 28 U.S.C. § 1441(a) (emphasis added). Here, the original action was filed in superior court in San Mateo County, California and defendant Pankopf removed the action to a federal court in the southern district of Nevada. The proper venue to remove this action would be to a federal court embracing San Mateo County–not to a district court in a different state. Defendant Pankopf's removal is procedurally defective for failure to follow removal statutes.

Further, even if it were proper to remove a California state action to a Nevada federal court, which it is not, the removal was untimely. Defendant Pankopf was served on March 5, 2013, but did not remove until April, 19, 2013–15 days late under the time allocated for timely removal. *See* 28 U.S.C. § 1446(b)(2)(B).

Therefore, without addressing the domicile of any of the parties involved in this action, the court finds that there is a substantial basis upon which to grant plaintiff's motion.

---

[2] Plaintiff's counsel filed the complaint in California state court and does not have a license to practice in the state of Nevada. However, under the local rules, plaintiff's counsel cannot seek pro hac vice admission because he is a resident of Nevada. (*See* doc. # 7-1); *see also* Local Rule IA 10-2(a)(2). Given the unique nature of the circumstances presented here, the court considers plaintiff's pro se motion even though an attorney filed the suit on plaintiff's behalf in California state court.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that pro se plaintiff Weslie W. Johnson's motion to remand to state court (doc. # 7) be, and the same hereby, is GRANTED.[3]

IT IS FURTHER ORDERED that this case be, and the same hereby is, REMANDED to California state court due to the procedurally defective removal.

DATED July 23, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[3] IT IS FURTHER ORDERED that defendant's motion to extend time (doc. # 12) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion to extend time (doc. # 21) be, and the same hereby is, GRANTED.